[Cite as *Volpe v. Volpe*, 2019-Ohio-5281.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Alice J. Volpe, nka Martin

     Appellee

v.

Leonard M. Volpe

     Appellant

Court of Appeals No. E-18-055

Trial Court No. 2006-DM-0020

**DECISION AND JUDGMENT**

Decided:  December 20, 2019

* * * * *

Shelly L. Kennedy, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Leonard Volpe, appeals the September 4, 2018 judgment of the Erie County Court of Common Pleas affirming the magistrate's decision to deny appellant's motion to modify spousal support.  For the following reasons, we affirm.

{¶ 2} Appellant sets forth one assignment of error:

The trial court errored [sic] as a matter of law by not serving the appellant with the magistrate's decision until the expiration of the 14-day objection period so as to prejudice the appellant by not giving him the meaningful opportunity to file objections to the magistrate's decision.

## Facts

{¶ 3} In 2006, appellant and his former wife were granted a dissolution by the trial court, and in the decree of dissolution, appellant was ordered to pay spousal support.

{¶ 4} On March 8, 2010, appellant filed a motion to modify spousal support and stay of collections enforcement due to a job loss. In August 2010, an evidentiary hearing on the matter was held before a magistrate.

{¶ 5} Almost eight years later, on July 19, 2018, the magistrate issued his decision recommending that the motion to modify spousal support and requested stay be denied.[1] On September 4, 2018, the trial court affirmed the magistrate's decision and denied the motion to modify spousal support and stay of collections enforcement.

{¶ 6} On October 3, 2018, appellant filed a pro se notice of appeal from the magistrate's decision. On November 5, 2018, we ordered appellant to file an amended notice of appeal from the September 4, 2018 final order of the court. Thereafter

---

[1] There is no explanation in the record for this long delay.

appellant, via counsel, filed an appellate brief, in which it was asserted that appellant was appealing from the trial court's September 4, 2018 judgment entry.

## Argument

{¶ 7} Appellant argues the trial court erred in denying his motion to modify spousal support and affirming the magistrate's decision because the clerk did not serve him with a copy of the July 19, 2018 decision prior to the expiration of the 14-day objection period, in violation of Civ.R. 53(D)(3)(a)(iii). Appellant contends the court's failure to comply with Civ.R. 53 deprived him of a meaningful opportunity to file objections to the magistrate's decision. Appellant submits he filed untimely objections to the magistrate's decision, on October 10, 2018, but the court did not accept them, ruling on October 17, 2018 that "there is no pending Magistrate's Decision from which to object." Appellant claims the court blamed him for failing to keep the clerk apprised of his current address, which appellant maintains is false, as he notified the clerk's office of his new address on January 10, 2017.

{¶ 8} Appellant requests an order remanding the case to the trial court for him to file objections to the magistrate's decision, and for the trial court to conduct an independent analysis of the magistrate's decision.

## Law

{¶ 9} "A magistrate's decision shall be in writing, * * * filed with the clerk, and served by the clerk on all parties or their attorneys no later than three days after the decision is filed." Civ.R. 53(D)(3)(a)(iii). In addition, the decision "shall indicate

3.

conspiciously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party timely and specifically objects * * * as required by Civ.R. 53(D)(3)(b)." *Id.* "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." Civ.R. 53(D)(3)(b).

{¶ 10} Regarding service, "[a] document is served * * * by * * * mailing it to the person's last known address by United States mail, in which event service is complete upon mailing." Civ.R. 5(B)(2)(c). It is the party's burden to notify the court of a change of address; it is not the clerk's duty to ensure a party's address has not changed. *See Leader Ins. Co. v. Moncrief*, 10th Dist. Franklin No. 05AP-1289, 2006-Ohio-4232, ¶ 39.

{¶ 11} With respect to computing time, "the day of the act * * * from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, * * * in which event the period runs until the end of the next day which is not a Saturday, a Sunday * * *." Civ.R. 6(A). Further, [w]hen the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." *Id.*

## Analysis

{¶ 12} Before we address appellant's assignment of error, we note that we ordered appellant to file an amended notice of appeal on November 5, 2018, yet no amended notice was filed. However, since appellant timely filed his notice of appeal, in the

4.

interest of justice and pursuant to App.R. 3, we construe the assertion in appellant's brief, that he was appealing from the trial court's September 4, 2018 judgment entry, as an amended notice of appeal.

{¶ 13} We will now consider the merits of appellant's appeal.

{¶ 14} The relevant trial court docket entries reflect the following. Appellant filed his motion to modify spousal support and stay on March 8, 2010, at which time he lived in Huron, Ohio. On August 20, 2010, appellant filed a notice of intent to relocate to Ormond Beach, Florida. On February 5, 2016, appellant filed notice of change of address from St. Petersburg, Florida to Willowick, Ohio. On February 9, 2016, appellant filed a request for a decision on the motion to modify spousal support and stay. On January 10, 2017, appellant filed notice of change of address from Willowick, Ohio to North Olmstead Falls, Ohio. On January 10, February 3 and 9, 2017, appellant filed requests for a decision on the motion to modify spousal support and stay. On March 30, 2017, appellant filed a motion to modify spousal support and a request for temporary orders, seeking to stop spousal support payments.

{¶ 15} The trial court docket further shows that on July 19, 2018, the magistrate's order was issued. On July 23, 2018, the clerk sent a certified copy of the magistrate's decision by regular mail with a certificate of mailing to appellant in North Olmstead, Ohio. On July 30, 2018, the docket entry reads "U.S. Regular Mail Returned: (Magistrate's Decision) Leonard M Volpe- (* * * St. Augustine, FL 32092-0476)." On July 31, 2018, the clerk sent a certified copy of the magistrate's decision by regular mail

5.

with a certificate of mailing to appellant in St. Augustine, Florida.  On August 3, 2018, the clerk received a return of the certificate of mailing showing appellant was served on August 2, 2018, with the magistrate's decision.  On September 4, 2018, the trial court issued its judgment entry affirming the magistrate's decision.

{¶ 16} In order for the clerk to properly complete service of the magistrate's decision on appellant, the clerk was required, within three days of the July 19, 2018 decision, to mail the decision to appellant's last known address.  The record shows the clerk mailed the decision to the last address on file for appellant, in North Olmstead, Ohio, on July 23, 2018.  We take judicial notice that July 19, 2018, was a Thursday and July 23, 2018, was a Monday.  We therefore find, pursuant to Civ.R. 6, the clerk timely mailed the decision.  We further find the clerk complied with Civ.R. 5 and 53, and properly completed service of the magistrate's decision on appellant at his last known address on July 23, 2018.

{¶ 17} Notwithstanding, after the clerk received information via returned mail that appellant's address had changed, the clerk again mailed the magistrate's decision to appellant at his new address.  No objections to the decision were filed by appellant prior to the court's judgment entry of September 4, 2018.

{¶ 18} Since the clerk properly served appellant with a copy of the magistrate's decision at his last known address, appellant's assignment of error is not well-taken.

{¶ 19} The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

                     _____
                                   JUDGE

Thomas J. Osowik, J. _____

                     _____
Christine E. Mayle, P.J. _____
CONCUR.                         JUDGE

                     _____
                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.